SAMUEL A. MORROW, AS EXECUTOR, ETC., OF SAMUEL MORROW, DECEASED, APPELLANT, v. ROBERT H. MORROW AND ALBERT T. MORROW, AS EXECUTOR, ETC., OF SAMUEL MORROW, DECEASED, RESPONDENTS.

*Statute of limitations — what acknowledgment sufficient to avoid.*

The insertion in an inventory, of a note theretofore made by the executor to his testator, such inventory being signed and verified by the executor, to the effect that it was a true inventory of all just claims of the deceased against him (the executor) is a sufficient acknowledgment of the indebtedness by the executor to take the case out of the statute of limitations.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

The action was brought to recover the amount of four promissory notes made by the defendant Robert H. Morrow to Samuel Morrow in 1870. Albert T. Morrow, one of the executors, having refused to be a party plaintiff was made a party defendant herein.

Robert H. Morrow set up, among other defenses, that of the statute of limitations.

*Wm. D. Veeder*, for the appellant.

*Theodore Hinsdale*, for the respondent.

BARNARD, P. J.:

It is now well settled that in order to take a case out of the statute of limitations there must be a new promise — a new contract. It need not be express. An absolute acknowledgment of the existence of a debt is sufficient from which to infer a promise to pay. The facts in this case are brief: In 1870, Robert H. Morrow borrowed of his father Samuel H. Morrow $4,820, for which he gave his father four notes payable on demand. On the 23d December, 1876, Samuel H. Morrow died, leaving a will. The plaintiff and the two defendants, being testator's three sons, were appointed executors, and have duly qualified as such. On the 12th January, 1877, the three executors made an inventory of the effects of deceased, as required by law, with the aid of sworn appraisers. Among the assets these four notes were entered as follows:

" Four notes of Robert H. Morrow to deceased, on demand:
" One dated April 1st, 1870, for...................... $2,350
" July 1st, 1870................................... 520
" February 1st, 1870............................. 1,800
" June 1st, 1870................................. 150

" A part of the money received on said notes was invested for " deceased.

" Balance due from Robert H. Morrow to deceased, about $2,400."

All the executors made an affidavit to the inventory in the form required by law, to the effect that the inventory was a true inventory of goods, chattels and credits of deceased, " and

of all just claims of the deceased against me." This affidavit was signed by defendant Robert H. Morrow and his co-executors, and completed the inventory. I think this fact takes the case out of the statute. The acknowledgment or promise is not made to a stranger, but to the estate of the deceased creditor. It is not compulsory; it is unqualified and unconditional. It is sufficiently signed " by the party to be charged thereby." (*Sands* v. *Gelston*, 15 Johns., 511; *Bryar* v. *Willcocks*, 3 Cow., 159; *Stuart* v. *Foster*, 18 Abb., 305.)

Judgment reversed and new trial granted at Circuit, costs to abide event.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted at Circuit, costs to abide event.