ALBANY,<br>Oct. 1832.<br>Soulden<br>v.<br>Van Rensse-<br>laer.

---

### SOULDEN and others vs. VAN RENSSELAER.

A promise to the holder of a chose in action taking a case out of the *statute of limitations*, is available in an action by a *subsequent holder*.

Where such promise is made to the assignee of a chose in action, such assignee is a *competent witness* to prove the making of the promise, if before the trial of the action, although commenced by his direction, he parts with his interest by assignment to a third person.

The liability of such first assignee for the defendant's costs of the action, in case of a verdict for the defendant, is too remote and contingent to exclude him as a witness on the ground of interest.

THIS was an action of *assumpsit*, tried at the Madison circuit in September, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The suit was on a note for the delivery of a specific quantity of *potashes*; it bore date 15th February, 1817. The defendant pleaded *non assumpsit* and *actio non accrevit*, &c. upon

which the plaintiffs took issue. The plaintiffs called *T. Beek-man* as a witness, who was examined on his *voire dire*, and stated that in 1818 the demand in question, together with various other demands, was assigned by the plaintiffs to him, in trust for himself and other creditors of the plaintiffs. By the assignment, he was authorized to retain out of the monies to be collected from such demands $2000 due to himself, and sufficient to indemnify him for commissions, &c. and the residue was to be applied in the manner directed in the assignment. In 1828, two days previous to a *former trial* of this cause, he assigned the demand in question to *Peter Smith*, one of the *creditors* of the plaintiff mentioned in the assignment. The attorney for the plaintiff testified that this suit was commenced by him by the directions of Mr. *Beekman*, but that he had no claim upon him for the costs of the same ; that he looked to *Peter Smith*, the present holder of the demand, for the costs, and offered to execute a formal release to Mr. Beekman, with which the counsel for the defendant dispensed. Mr. Beekman was now offered to be sworn *in chief*, for the purpose of proving that while he was the holder of the note, and within six years before the commencement of the suit, the defendant promised him that he would pay the note. The counsel for the defendant objected that Mr. Beekman was not a competent witness to prove such promise. The objection was overruled, and he was sworn and testified as to a new promise. The plaintiffs proved the value of the potashes. The defendant's counsel then insisted that the plaintiffs were not entitled to recover upon evidence of a new promise to Beekman while he was the holder of the note ; that upon such promise an action could be maintained only in the name of Beekman. The judge overruled the objection, and the jury, under his direction, found a verdict for the plaintiffs. The defendant having presented and obtained a bill of exceptions to be sealed, now asks for a new trial.

*J. A. Spencer*, for defendant.

*N. P. Randall*, for plaintiffs.

ALBANY,
Oct. 1832.

Soulden
v.
Van Rensse-
laer.

*By the Court,* NELSON, J.    There is no principle of law of which I am aware, or to which I have been referred, that would justify the rejection of *Beekman* as a witness, for the reason that the acknowledgment or promise relied on to take the note out of the statute of limitations was made to him while he was in part the owner.  If this fact alone was sufficient to render him incompetent after he had parted with all his interest, upon the same ground every witness once interested would be forever incompetent, for the objection resolves itself wholly into one of interest ;  and the vendor of a chattel or endorser of a note having been once interested in sustaining the title or amount, could not be rendered a competent witness by release or otherwise.  There is nothing peculiar in the nature of the fact sworn to which would exclude Beekman, or differing from any other testimony that goes to destroy the defence and maintain the action.    The inexpediency on the score of public policy, of allowing the evidence of Beekman in this case, is no greater than exists in many, if not most cases of interested witnesses, rendered competent by parting with their interest.    The question never is whether the witness has been interested, but is he interested at the time when his testimony is tendered to the court ?    But it is said that Beekman in point of fact was interested in the event of the suit, being the assignee of several demands of the plaintiffs, of which the note in question is one—first to pay himself $2000, and the residue to other creditors.    This position would have been well taken, had not Beekman before the trial assigned all his interest in the demand in question to P. Smith, one of the *cestui que trusts,* because the money when collected would have been applicable to his own debt.  Having parted, however, with all his interest, he cannot gain or lose any thing in the event of the suit.    He is not even a trustee of this fund, having passed it to one of the *cestui que trusts ;*  and if he had been, it would constitute no objection to his competency.  1 *Black. R.* 365.  *Lowe* v. *Joliffe,* 3 *East,* 13.  *Douglass,* 141, (*n.* 51).    *Peake's N. P.* 153.    2 *Selwyn,* 652.  *Phil. Ev.* 40.    1 *Esp.* 340.

It is also said that Beekman having commenced the suit while he was interested in the demand, is *responsible to the de-*

*fendant* for the costs, if he should succeed, notwithstanding the assignment. This liability, if it exists at all, is too remote and contingent to render him incompetent in this case. The assignee, or party for whose benefit the suit is prosecuted, if unsuccessful, will be compelled by attachment to pay the taxed bill of costs to the defendant; 20 *Johns. R.* 475; 2 *Cowen,* 460; but this rule would make *Smith,* and not the witness, accountable for them. If it should appear that *Smith* was insolvent at the time of the assignment, and that it was made with the fraudulent intent of transferring the liability for costs from a responsible to an irresponsible person, the court might and no doubt would hold the assignor who had commenced the suit still holden for them. Such contingent liability, however, cannot affect the competency of the witness. As the case appears before us, *Smith* alone, and not *Beekman,* would be liable to the defendant. Again; even if the objection was a sound one, I am of opinion the defendant cannot avail himself of it, not having taken it at the trial, nor made it a point in the bill of exceptions. There is no rule of practice better settled, nor one that should be more scrupulously adhered to, than that a bill of exceptions does not draw the whole matter disclosed on the trial of a cause again into discussion or examination, and that the party excepting must lay his finger on the points which may arise, either in admitting or denying evidence or matter of law arising from facts not denied, in which either party was overruled by the court; 1 *Bacon,* 528, *and cases there cited, Phil. ed.* 1811; 5 *Johns. R.* 467; 8 *id.* 507; 1 *Cowen,* 639; and no more of the case should be incorporated in the bill than was material to raise the questions decided and excepted to on the trial. It was said upon the argument that if the objection, though not taken in the bill, was one that appeared upon it, and which could not by possibility be removed by new evidence or a new trial, that then the court ought to entertain it the same as if duly raised and inserted in the bill. This doctrine, I believe, the court have applied to a case made; but the reason for its application there, does not exist in reference to a bill of exceptions. The party making a case may incorporate within it every material fact which was disclosed upon the trial, and

the court always presume it is thus made and settled; and therefore if an objection should appear upon the whole case, though not taken upon the trial, and which could not be removed by awarding to the party a new trial, or by additional evidence, it is reasonable and proper the court should entertain it, as they cannot but see that the whole case must ultimately be disposed of by the decision. But in the instance of a bill of exceptions, the whole of the facts not appearing before the court, it is impossible to determine whether the objection taken on the argument and not raised, or the decision excepted to on the trial, must of necessity finally dispose of the suit, and therefore should not be heard. We should rather presume that, upon the whole case as disclosed at the trial, no such objection was available, else it would have been duly raised for review upon the bill of exceptions.

It was objected upon the trial, that as the new promise to take the case out of the statute of limitations was made to Beekman, and not to the plaintiffs, it could not be available to support the action in their names. It was decided in *Depuy* v. *Swart*, 3 *Wendell*, 135, and *Moore* v. *Viele*, 4 *id.* 420, that a new promise, to avoid the effect of an *insolvent's discharge* upon a debt existing against him at the time, must be made to the plaintiff on the record personally, or to his agent, or to a third person for his benefit, and it is supposed by the counsel for the defendant that these cases are applicable to, and control the one under consideration. In this he mistakes. There is a clear and well settled distinction in this court between the two cases. The insolvent's discharge impairs the contract, and an express promise or new contract is essential to create a new liability; the statute of limitations only operates upon the remedy by affording a presumption of payment, and hence the acknowledgment of the existence of the debt revives the debt by removing the presumption, and upon this ground, it is obviously unimportant to whom the acknowledgment is made, and so are the authorities. 4 *Esp.* 46. 3 *Campb.* 32. 5 *Com. L. R.* 245. 9 *id.* 49, 51. 4 *Pickering*, 118. *Dean* v. *Hewitt*, 5 *Wendell*, 257. There may be, and I think there is some difficulty in maintaining the distinction above alluded

to, upon sound and consistent reasoning, without impugning the course of argument to be found in the opinions of some of the learned judges delivered in this court upon the statute of limitations; but it will be seen, after the most critical examination of cases, that such distinction has been steadily maintained in the result of all those opinions. *Sands* v. *Gelston*, 15 *Johns. R.* 511. *Pardy* v. *Austin*, 3 *Wendell*, 187. *Hancock* v. *Bliss*, 7 *id.* 267. *Patterson* v. *Choate, id.* 445.

New trial denied.