NEW-YORK,
May, 1836.

Clark
v.
Farmers'Man-
ufacturingCo.

### CLARK *vs.* THE FARMERS' WOOLLEN MANUFACTURING COMPANY OF BENTON.

A note for the payment of money *under seal,* though in all other respects like a promissory note, is *not negotiable,* and an action cannot be maintained upon it in the name of a person to whom it is transferred.

The effect of affixing the *seal of a corporation* to a contract is the same as when a seal is affixed to the contract of an *individual;* it renders the instrument a *specialty.*

In an action on such note by the endorsee, in his own name, the defendant may object to the recovery, notwithstanding a plea of *non est factum* was put in, and the plaintiff has fully supported every material allegation in his declaration.

The *trustees* or agents of a *corporation* may enter into contracts under the corporate seal for the payment of money, in furtherance of the business of the corporation; it is not necessary they should subscribe their individual names to the contracts, but their doing so, will not vitiate the corporate act.

In an action against a corporation upon a contract of its agents, the appointment of the *agents* should regularly be proved by the books of the corporation: but on refusal to produce the books, secondary evidence may be given; such as general reputation and the acts of the agents in the charge and management of the property and concerns of the corporation.

THE action in this case was brought on an instrument in writing in these words : "For value received, the Farmers' Woollen Manufacturing Company of Benton, Ontario county, now in the County of Yates, promise to pay Silas Hunt, or order, $300, in three equal annual instalments of $100 each; the first to be paid in one year from the date hereof, with interest. In witness whereof we, the trustees of said company, have hereunto subscribed our names, and affixed the common seal of said company, the first day of June, 1830." Signed 'Abel Peck,' 'Joseph Ketchum,' 'Lyman Tubbs,' and to the left hand of the signatures the *seal* of the company was affixed. The plaintiff declared in *debt,* as the *endorsee* of the instrument. In the first count of the declaration he described the instrument as a promissory note, made *by the company,* under the seal of the corporation. In the second he described it generally as a promissory note, without averring it to have been made *under seal,* and the third count was in debt, for money due for interest, for the forbearance of money lent and

advanced to the company. The defendant pleaded *non est factum* to the first count, and *nil debet* to the two other counts. The cause was heard before *referees.* The plaintiff proved the existence of the corporation, and on the defendants refusing to produce their corporation books, pursuant to notice, he proved that the *three* persons whose names were subscribed to the instrument declared on, together with *two* others, were *generally reputed*, at the date of the instrument, to be the *trustees* of the corporation, that they acted as such, and had charge of its property and concerns, and managed the same. The plaintiff also proved the death of the *payee*, and the *endorsement* of the note to him by his *executor.* The defendants objected, that the plaintiff was not entitled to sustain the action, inasmuch as the instrument declared on was not a *negotiable* note, within the statute, and that therefore an action would not lie in his name. The referees overruled the objection, and after receiving proof of a set-off to a small amount, made a *report* in favor of the plaintiff, for $334,81, which was now moved to be set aside.

*S. Stevens,* for the defendants.

*I. L. Wendell,* for the plaintiff.

*By the Court,* NELSON, J. It was decided, in the case of *The Litchfield Iron Co.v.Bennett and another,* 7 *Cowen,* 234, that the directors of a corporation were not public officers, within the rule of evidence allowing their official existence to be proved by general reputation, though connected with the fact of their acting in such capacity. Assuming, however, that the appointment of the trustees in cases of this kind should ordinarily be proved by the records of the corporation, the non-production of the books, in this case, on the call of the plaintiff, authorized the admission of secondary evidence. That given in this case falls within this species.

By the third section of the act relative to incorporations for manufacturing purposes, 3 *R. S.* 810, the trustees are empowered to manage and conduct the "stock, property, and concerns of the (such) company;" and we therefore see no

VOL. XV.                33

NEW-YORK,
May, 1836.

Clark
v.
Farmers'Man-
ufacturingCo.

valid objection to the trustees signing their names, and affix-
ing the seal to the instrument in question. Under their gen-
eral powers, and especially under the sixth section of the act,
they might have appointed an officer, with authority to exe-
cute contracts for them, on behalf of the company, and use
their private seal. It does not appear that any such appoint-
ment had been made, nor that any particular person or per-
sons had been designated by their by-laws for this purpose.
The duty, therefore, necessarily devolved upon the trustees
themselves. It was not necessary to have subscribed their
own names; the corporate act, however, is not thereby vitiated.
The seal is sufficient. 3 *Johns. R.* 226. 3 *Bos. & Pul.* 306.
*Sugden's Vendors* 688. The corporation are capable of " buy-
ing, purchasing, holding and conveying any lands, tenements,
hereditaments, goods, wares and merchandize," necessary to
enable them to carry on their manufacturing operations; and
they are consequently capable of making contracts, and giv-
ing obligations for real or personal property, or in respect to
any other dealings in reference to the concerns of the compa-
ny; otherwise credit could not be extended to them, and
they must pay down, which would be an unreasonable con-
struction of the powers conferred.

The principal question made on the argument was whether
the note is negotiable. If it is not, the plaintiff must fail.
The seal of the corporation, when affixed to any deed or con-
tract, by proper authority, is not distinguishable in its legal
effect from that of an individual. The one is the seal of an
artificial, the other of a natural person. It affords the highest
evidence of the deliberate assent of the party to the deed or
contract thus executed, and with some important exceptions,
is binding, without the aid of the signature, even in the case
of an individual. 1 *Black. Com.* 476. 2 *id.* 305, 6. *Coke's
Inst.* 234, *n. v. Comyn's Dig. tit. B.* 1. 17 *Ves.* 459. A
signature is never necessary in the case of a corporate body,
as we have already seen. Promissory notes, which were made
negotiable, the same as inland bills of exchange, by the statute
of *Anne,* were not under seal, *Chitty on Bills,* 324; if they
had been, since that statute all specialities could have been
made negotiable, and the advantage in their favor, in respect

to the statute of limitations, would have introduced them into general use. A *Prussian Bond* in England is negotiable, but that rests upon usage, and the nature of the security. 10 *Com. L. R.* 16. *Chitty on Bills*, 109. By the instrument in that case, the king of Prussia acknowledged that the sum mentioned in it was due to any person, for the time being the holders ; and the court likened it to a bank note. Bonds given by the *East India Company* were held not negotiable, but have been since made so by statute. *Glyn.* v. *Baker*, 13 *East*, 509. *Chitty on Bills*, 109. 51 *Geo.* 3, *ch.* 64. It is true, that in the case of the Prussian bond above referred to, Abbott, Ch. J. distinguished it from the India bond, in *Glyn.* v. *Baker*, saying, it did not appear that those bonds were made negotiable. But if simply adding the words " order," or " bearer," could have had such effect, an act of parliament would have been unnecessary.

It appears to have been conceded, by both counsel and court, in the case of *Warren* v. *Lynch*, 5 *Johns. R.* 239, that if the flourish (L. S.) at the end of the signature of a note made in Virginia, and payable in New-York, must have been considered equivalent to the impression of a seal here, the instrument would not have been negotiable for that reason. The position, we suppose, is too plain to require further consideration.

It was said, on the argument, that the report ought not to be set aside, though the court should come to the conclusion that the note was not negotiable ; because the plaintiff had proved every material fact averred in his first count ; and that the defendant should be left to his motion, in arrest of judgment. 2 *Wendell*, 163. The answer given to this, we are of opinion, is conclusive : namely, that the power of the company to give such a note, with *negotiable qualities*, might depend upon proof under a private statute, and therefore the objection would not be available on demurrer to the declaration, or in arrest of judgment. If it could be avoided by proof, and it might by a private statute, (and if a public one, without proof,) then the plaintiff was entitled to an opportunity to introduce it.

Report set aside.