WATKINS and others *vs.* STEVENS.

Where the defendant said that "he owed the plaintiffs $700, and intended to arrange his business and pay them, that fall, or winter, as soon as he could;" *Held* that the acknowledgment was explicit and unconditional, and was sufficient to revive the remedy for the recovery of a debt barred by the statute of limitations.

A report of referees, like the verdict of a jury, is, as a general rule, conclusive, in a case of conflict of evidence.

Where a debt barred by the statute of limitations is sought to be revived by an acknowledgment, the acknowledgment must be submitted to the jury as evidence of a new promise, and the jury are to find the new promise from the evidence.

It is the province of the jury to decide whether the oral or written admissions of the defendant, amount to a sufficient acknowledgment, from which a promise to pay can be inferred.

And *it seems* that it is also the province of the jury to determine whether the defendant's promise was absolute or conditional.

Where the plaintiff sues upon a debt barred by the statute of limitations, and relies upon a new promise or acknowledgment as reviving the remedy, if the promise or acknowledgment is absolute, he may reply generally to a plea of the statute of limitations, without setting forth the subsequent promise or acknowledgment specially.

And such general replication may be interposed, whether the subsequent promise or acknowledgment was made before, or after the statute had run against the original demand.

Whether a conditional promise, where the condition has been performed, must be replied specially? *Quære.*

Where the original demand has been barred by a bankrupt's or insolvent's discharge, a subsequent promise to pay must be specially replied to a plea setting up such discharge.

A debt barred by a bankrupt's or insolvent's discharge, cannot be revived by an acknowledgment. The debt being extinguished, can only be revived, or renewed, by an express promise.

So a contract, of an infant, not for necessaries, cannot become obligatory, except by a new promise, or ratification, after he comes of age.

And this new promise, or ratification, must be replied specially to a plea of infancy.

Where a debt is barred by the statute of limitations, a subsequent promise or acknowledgment is equally operative and effective to restore the remedy, whether made to a stranger, or to the creditor himself, or his agent.

But in case of a debt barred by a bankrupt's or insolvent's discharge, the subsequent promise must be made to the creditor personally, or to his agent.

Watkins *v.* Stevens.

MOTION to set aside a report of referees. The action was assumpsit. The defendant pleaded the general issue, and the statute of limitations. The plaintiffs replied generally. On the trial before the referees, the plaintiffs produced in evidence a promissory note, dated Kingston, March 20, 1837, by which the defendant, ninety days after date, promised to pay the plaintiffs or order, ninety-three pounds five shillings Halifax currency, for value received, &c. The execution of the note was proved. And the plaintiff called Albert L. Smith as a witness, who testified that he knew that the defendant received goods of the plaintiffs in 1836 and 1837; that at York, Livingston county, in November, 1840, he had a conversation with the defendant, in regard to the claim of the plaintiffs; and that he said " he owed the plaintiffs about $700, and intended to arrange his business and pay them, that fall or winter, as soon as he could." He did not say how he would pay the plaintiffs' debt. On his cross-examination, the witness stated that he resided in Canada; that he had been connected in business with the defendant there; and that they dissolved in January, 1839. Witness told defendant that, if he intended to carry on business in his own name, he must settle that debt at Kingston. He replied " he would, and intended to, that fall or winter, or as soon as he could arrange his business so to do." When the defendant left Canada in 1839, he left with witness all his books and accounts, to collect. While the witness had them, one of the plaintiffs called on him and wanted him to pay the note offered in evidence. Witness replied that he could not do it, as he had orders to pay certain other matters first. Witness informed the plaintiffs, within the last two years, what he could testify to, as to the plaintiffs' claim against the defendant. No objection was made to the admissibility of the evidence in relation to the acknowledgment of the defendant, under the pleadings, nor to its sufficiency to establish the cause of action of the plaintiffs. The referees reported in favor of the plaintiffs for the sum of $615,45. The suit was commenced in July, 1846.

*Watkins v. Stevens.*

*A. B. James,* for the defendant.

*J. Mullin,* for the plaintiffs.

*By the Court,* PAIGE, J. The following questions were raised on the argument of this cause, viz. 1. Whether the defendant's promise to pay the note was absolute, or conditional; 2. If conditional, whether it should not have been specially replied; 3. Whether the promise, as proved, was sufficient to take the note out of the statute of limitations; and if conditional, whether it was available for this purpose, without showing the performance of the condition; 4. Whether the plaintiffs could avail themselves of the promise, in this case, it not having been made either to them, or their agent.

To revive a debt barred by the statute of limitations, "there must be an express promise, or an acknowledgment of a present indebtedness; a subsisting liability, and a willingness to pay." (*Allen* v. *Webster,* 15 *Wend.* 259, *per Savage, Ch. J.* 15 *Id.* 306. *Roosevelt* v. *Mack,* 6 *John. Ch.* 290. *Bell* v. *Morrison,* 1 *Peters,* 351, 362.) "If there be no express promise, and one is to be raised by implication of law, from an acknowledgment, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable and willing to pay." (1 *Peters' U. S. Rep.* 362, *per Story, J.* 3 *Wend.* 190.) An acknowledgment which will authorize a jury to find a promise to pay, must be explicit and unconditional; and any suggestion which qualifies it, or repels the idea of a promise to pay, destroys the effect of what is said. (*Cocks* v. *Weeks,* 7 *Hill,* 46, *Beardsley, J.*) In *Cocks* v. *Weeks* a promise of the defendant, to pay the note, (on which the suit was brought,) as soon as he conveniently could, was held to be a conditional promise, and equivalent to an engagement to pay when able. And it was further held, that to make such promise effective, the defendant's ability to pay must be shown. (7 *Hill,* 46.) The promise in the present case was in these words: "I owe the plaintiffs about $700 and intend to arrange my business and pay them this fall or winter, as soon as I can." It seems

to me, that the condition of this promise was not a condition as to ability, but as to time. The defendant promises, or expresses an intention to pay the plaintiffs, during the then fall or the ensuing winter, as soon as he could arrange his business to do so; that is, he intended, at all events, to pay them by the expiration of the winter, and sooner if he could so arrange his business as to enable him to do it. The acknowledgment, by the defendant, of his indebtedness, is an explicit and direct admission of a previous subsisting debt, which he is liable and willing to pay. And it is wholly unqualified, except as to the time of payment; and that is limited by the expiration of the ensuing winter. When that time expired, the acknowledgment or promise became unqualified and unconditional.

A promise to pay money at a future day, is just as absolute and unconditional, as a promise to pay immediately, or on demand. (1 *Peters,* 371.) I am aware that the witness Smith, on his cross-examination, does not give the promise or acknowledgment of the defendant in the same words as he did on his direct examination. On his cross-examination he says, that the defendant, in answer to the remark of witness that he must settle the debt at Kingston, replied that he would, and intended to " that fall or winter, *or* as soon as he could arrange his business so to do." This acknowledgment, standing alone without other words, is doubtless conditional. It is a promise, by the defendant, to pay as soon as he could arrange his business so to do, or after his business had been arranged. And if there was no other promise or acknowledgment, before the plaintiffs could recover they would be obliged to show the performance of the condition; viz. that the defendant's business had been so arranged as to enable him to pay the plaintiffs' demand; or, in other words, to show the defendant's ability to pay. But the whole evidence of the witness Smith, given both on his direct and cross-examination, was submitted to the referees. All his testimony as to the promise or acknowledgment of the defendant was received, under the pleadings. No objection was made, either to its admissibility under the declaration and replication, or as to its sufficiency to sustain the cause of action

Watkins *v.* Stevens.

of the plaintiffs. If such objection had been made, the plaintiffs might have met it by further proof. The defendant ought to have objected, on the hearing before the referees, to the admissibility of the evidence under the pleadings, and to its sufficiency to establish a cause of action. (*Underhill* v. *Pomeroy*, 2 *Hill*, 603.) But I think we must intend that the referees have found, by reporting in favor of the plaintiffs, that the promise or acknowledgment of the defendant was an absolute, and not a conditional promise. Whether the promise or acknowledgment was absolute or conditional, was a question for the decision of the referees. If they had come to the conclusion that it was conditional, they could not have found in favor of the plaintiffs. A report, therefore, in favor of the plaintiffs, is a finding that the promise was absolute. A report of referees is regarded like the verdict of a jury. In case of a conflict of evidence, as a general rule, the finding of both is conclusive. And where there is no decided preponderance in favor of the party against whom the report is made, it will not be set aside. (*Esterly* v. *Cole*, 1 *Barb. Sup. Ct. Rep.* 235. *Eaton* v. *Benton*, 2 *Hill*, 578. *Keeler* v. *The Fireman's Ins. Co.* 3 *Id.* 256. *Douglass* v. *Tousey*, 3 *Wend.* 356.) This must be regarded as a case akin to that of a conflict of evidence. Two statements of the acknowledgment of the defendant, which do not agree, are given by the witness; and it was the peculiar province of the referees to determine which was correct.

Where a debt barred by the statute of limitations is sought to be revived by an acknowledgment, the acknowledgment is to be submitted to a jury as evidence of a new promise; and the jury are to find from the evidence, (if it be sufficient,) such promise. (*Sands* v. *Gelston*, 15 *John.* 520. *Johnson* v. *Beardsley*, *Id.* 4. *Cocks* v. *Weeks*, 7 *Hill*, 46. *Bell* v. *Morrison*, 1 *Peters' Rep.* 362. *Moore* v. *Bank of Columbia*, 6 *Id.* 92. *Dodson* v. *Mackey*, 4 *Nev. & Man.* 327. *Roosevelt* v. *Mack*, 6 *John. Ch. Rep.* 290.) In *Haylin* v. *Hastings*, (*Comb.* 34,) cited in *Tanner* v. *Smith*, (6 *Barn. & Cress.* 603,) Holt, C. J. with the ten judges at Sergeant's Inn, including the king's bench judges, agreed that an acknowledgment of a debt, barred by the stat-

ute, was good evidence of an assumpsit, upon non-assumpsit infra sex annos pleaded, for the jury to find a verdict for the plaintiffs; but that it was not a matter, upon which if found specially, the court could give judgment for the plaintiff; because the jury must draw the conclusion from evidence, not the court. It would seem, therefore, that an acknowledgment of a previous debt, is only evidence of a promise which is to be submitted to the jury; and that the court cannot, as a matter of law, imply a promise to pay, from such acknowledgment. Upon the principle that an acknowledgment is to be submitted to a jury as evidence of a promise, it has been left to the jury to decide, whether the oral or written admissions of the defendant amounted to a sufficient acknowledgment, from which a promise to pay could be inferred. So it has been left to the jury to determine, whether the defendant's promise was absolute or conditional. (*Penn* v. *Bennet*, 4 *Camp. N. P. Ca.* 205, *per Lord Ellenborough. Dodson* v. *Mackey*, 4 *Nev. & Man.* 327, *per Denman, C. J.*) Where letters of the defendant were couched in ambiguous terms, it was left to the jury to decide whether they contained a sufficient acknowledgment to authorize them to imply from it a promise to pay. (*Frost* v. *Bengough*, 1 *Bing.* 266. *Linsell* v. *Bourox*, 2 *Bing. N. C.* 241, *per Tindal, C. J. Lloyd* v. *Maund*, 2 *T. R.* 762, *per Ashurst, J. Reid* v. *Eammons*, 3 *Bing. N. C.* 887. *Dodson* v. *Mackey*, 4 *Nev. & Man.* 327. *Rucket* v. *Church*, 9 *Car. & Payne*, 209, *per Parke, Baron*, 1839.)

Upon the authority of these cases it was competent for the referees to decide, as a matter of fact, upon the evidence, whether the defendant's acknowledgment was conditional or unconditional, and whether it was sufficient to authorize them to find a promise to pay. And as the referees have passed upon these questions as matters of fact, and as there is no decided preponderance of the evidence in favor of the defendant, the report of the referees cannot be set aside, upon the ground that it is against the weight of evidence.

Should the new promise have been declared upon, or replied, specially? A distinction has long been recognized between

the case of a debt barred by the statute of limitations, and a debt from which the debtor has been discharged under the bankrupt or insolvent laws. In the case of a debt barred by the statute of limitations, Lord Mansfield, in *Quantock* v. *England*, (5 *Burr.* 2630,) said, "It is settled that the statute of limitations does not destroy the debt; it only takes away the remedy." In case of a debt barred by a discharge under the bankrupt or insolvent laws, the demand is in law extinguished; although it still exists in equity and good conscience. And being extinct, it cannot be enforced, unless renewed by a new promise. An acknowledgment will not revive it. (*Moore* v. *Viele,* 4 *Wend.* 422. *Sands* v. *Gelston,* 15 *John.* 519.) The moral obligation to pay the original debt is a sufficient consideration for the new promise. This new promise creates a new contract, and upon this new contract the action must be founded. The old debt is only resorted to, to furnish a consideration for the new promise. The liability of the debtor is on the new and not on the old contract. In case of a debt barred by the statute of limitations, the remedy is only taken away; the original demand remains in existence. The statute raises the presumption of payment. That presumption is repelled by either an express promise, or an acknowledgment of a subsisting liability and a willingness to pay. As soon as the presumption of payment is repelled, a suit may be maintained on the original demand. In the case of a debt barred by a bankrupt or insolvent discharge, the new promise creates the contract on which the suit is brought. And as the anomaly in pleading exists of allowing the plaintiff to declare on the original contract, the replication, which must set forth the new contract specially, which is the only contract to be enforced, is the real declaration. (*Depuy* v. *Swart,* 3 *Wend.* 135. *Wait* v. *Morris,* 6 *Id.* 394. *Shipley* v. *Henderson,* 14 *John.* 178. *Stafford* v. *Bacon,* 1 *Hill,* 535. *Soulden* v. *Van Rensselaer,* 9 *Wend.* 297.) But in case of a debt barred by the statute of limitations, as the suit is maintained on the original contract, the new promise restoring the remedy which had been taken away, the declaration must be on the old promise; and if the defendant

Watkins *v.* Stevens.

sets up the statute as a bar, the plaintiff may reply generally that the cause of action contained in the declaration did accrue within six years, without setting forth the subsequent promise specially. (1 *Chit. Pl.* 583. *Tanner* v. *Smart,* 6 *Barn. & Cress.* 603. *Haydon* v. *Williams,* 7 *Bing.* 163. *Upton* v. *Else,* 12 *Moore,* 303. *Leoper* v. *Talton,* 16 *East,* 420. *Pinkerton* v. *Bailey,* 8 *Wend.* 602. *A'Court* v. *Cross,* 3 *Bing.* 329.) And under this replication the plaintiff may give evidence of a subsequent acknowledgment or promise to pay the original debt. Judge Spencer thought the distinction above alluded to, was not founded upon sound reasoning, but he felt himself bound by authority to concede that it existed. ·(*Sands* v. *Eggleston,* 15 *John.* 519.) And it will be found, by a critical examination of the cases, that it has long been steadily maintained by the courts of law. (9 *Wend.* 297, 298. 3 *Id.* 189.)

The contract of an infant, not for necessaries, rests on the same principle as a contract discharged under the bankrupt or insolvent laws. The infant's contract is not binding in law, upon him; and it cannot become obligatory except by a new promise or ratification by the infant after he comes of age. The new promise or ratification must be equivalent to a new contract. A bare acknowledgment is not sufficient. (15 *John.* 519.) It is the new promise or ratification which creates the contract on which the suit must be sustained against the infant. Hence, as in case of a debt discharged under the bankrupt or insolvent laws, although the declaration is on the original contract, the plaintiff must reply specially the new promise or ratification by the infant after he came of age. (1 *Chit. Pl.* 581. *Goodsell* v. *Myers,* 3 *Wend.* 481. *Bigelow* v. *Grannis,* 2 *Hill,* 120. 2 *Kent's Com.* 234 to 239, 2d ed. *Zouch* v. *Parsons,* 3 *Bur.* 1804, *per Lord Mansfield.*)

In case of a debt barred by the statute of limitations, where the subsequent promise to pay is absolute and unconditional, or the acknowledgment is explicit and unqualified, all the cases agree that the replication may be a general denial of the plea of non-assumpsit or *actio non accrevit infra sex annos;* and

that it is not necessary to reply specially such subsequent promise or acknowledgment. (*McCrea* v. *Purmort*, 16 *Wend.* 477, *per Cowen, J.*) The reason of the rule seems to be, that where the subsequent promise is absolute and unconditional, it supports the promises in the declaration which are also absolute and unconditional, and therefore it may be given in evidence under the ordinary issue on the statute of limitations. But the doubt exists whether, under the general replication to a plea of the statute of limitations, a conditional promise to pay can be given in evidence, it not being consistent with the promises laid in the declaration. In *Tanner* v. *Smart*, (6 *Bar. & Cress.* 603,) where issue was joined on the statute of limitations, it was held that a conditional promise, without proving the performance, did not support the promise in the declaration, and did not entitle the plaintiff to recover. But Lord Tenterden, C. J. remarks, " The promise proved here was ' I will pay as soon as I can,' and there was no evidence of ability to pay, so as to raise that which in its terms was a qualified promise into one that was absolute and unqualified. Had it been in terms what it is in substance, ' Prove that I am able to pay, and then I will pay,' it would be what the promise was taken to be in *Haylin* v. *Hastings*, (*Comb.* 54 ; *Ld. Raym.* 389, 421, *S. C. ; Salk.* 29, *S. C.; 5 Mod.* 425, *S. C.,*) a conditional promise, and when the proof of ability should have been given and not before, an absolute one." In *Haydon* v. *Williams*, (7 *Bing.* 163,) Tindal, C. J. held, that the subsequent promise of the defendant in that case, being guarded with the condition of his being able to pay, whether taken as a new promise or a revival of the former, was a departure from the absolute promise in the declaration. He says, " The principle laid down by the court in the case of *Tanner* v. *Smart*, and which is deduced from the former decisions, was, that the promise which is given in evidence under the general replication to the statute of limitations, must be one which is consistent with the promises laid in the declaration ; and consequently that evidence of a conditional promise will not support an absolute promise in the declaration." But he concludes his opinion by saying,

" without therefore determining whether such a promise ought or ought not to be specially declared upon, it is sufficient to say that in this case there was no proof of the defendant's ability to pay at the time of the action brought, so as to satisfy the condition, and make the promise absolute and unqualified, like those in the declaration." In *Scales* v. *Jacob,* (3 *Bing.* 638,) in which the court were equally divided, Gaselee, J. says, " a new promise by a debtor to pay when of ability, is not the same as a promise to pay when requested. There are many cases which show that such a conditional promise cannot be given in evidence under a count on an absolute promise." Upon these cases a doubt arises, where the condition is satisfied and the conditional promise is thereby made (in the language of Tenterden and Tindal,) an absolute and unqualified promise, whether it does not, in its transmuted state, support the promise in the declaration, and therefore become admissible evidence under a general replication. Clearly, without proof of the performance of the condition, a conditional promise could not be given in evidence under a general replication. In the case of a conditional promise by a bankrupt to pay a debt barred by his certificate, it was held by Lord Ellenborough in *Perin* v. *Bennet,* (4 *Camp. N. P. Rep.* 205,) that the plaintiff must declare specially, and prove the performance of the condition. And in *Wait* v. *Morris,* (6 *Wend.* 394,) it was held, if a promise to pay a debt barred by an insolvent discharge be conditional, that the plaintiff must declare upon it, or set it forth in his replication. But these are cases of debts barred under the bankrupt and insolvent laws; between which and cases of debts barred by the statute of limitations, we have seen there is a distinction.

No distinction is taken, in any of the cases, between the case of a conditional promise made before, and one made after, the statute of limitations has run against the original demand, in relation to the necessity of replying the same specially. In *Tanner* v. *Smart,* (6 *Bar. & Cress.* 653,) and in *Haydon* v. *Williams,* (7 *Bing.* 162,) the conditional promise was made within six years after the original cause of action accrued ; and this

circumstance was not alluded to in either of those cases as being of any importance on the question of pleading. And in *Tompkins* v. *Brown*, (1 *Denio*, 247,) it was held that proof of the performance of the condition of a conditional promise was as necessary where the promise was made before the statute had barred the original demand, as where it was made after the demand was so barred. It would seem, therefore, if it is necessary to reply specially a conditional promise of payment, made after the statute of limitations has run against the original demand, that it is equally necessary to reply such a promise, when made before the demand was barred.

But it is not necessary to dispose definitively of the question whether a subsequent conditional promise of payment, where the condition has been satisfied, must be replied specially; because I have come to the conclusion, as heretofore stated, that the referees have found the subsequent promise, in this case, to be an absolute and not a conditional promise.

The only other question which remains to be considered is, whether the plaintiffs can avail themselves of the promise or acknowledgment in this case, it not having been made either to them or their agent. The distinction between debts barred by the statute of limitations and debts discharged under the bankrupt and insolvent laws, has a bearing upon this question. In the case of debts discharged under the bankrupt and insolvent laws, the debt being in law extinct, all the ingredients of a complete agreement are necessary to enable the creditor to recover the amount of his original demand. And no agreement is complete until the minds of the contracting parties meet. Hence in this class of cases it is necessary that the new promise should be made to the creditor, in person, or to his agent. But in the case of debts barred by the statute of limitations, as the original debt remains, and only the remedy is taken away, and as an acknowledgment is sufficient to revive, or restore, the remedy, and remove the bar, and as no new contract is necessary to enable the creditor to collect his original demand, the promise or acknowledgment is equally operative and effective, whether made to a stranger, or to the creditor himself, or his

Watkins *v*. Stevens.

agent. The moment the presumption of payment is repelled, which arises after a lapse of six years, the original debt is recoverable by an action founded directly upon it.

An acknowledgment or admission, by the debtor, of a present subsisting liability, and of a willingness to pay, like all other admissions of a subsisting indebtedness, is as effective when made to, or in the presence of, a third person, as when made to the creditor himself, or to his agent. In *Soulden* v. *Van Rensselaer*, (9 *Wend.* 297,) Nelson, J. says that " the statute of limitations only operates upon the remedy, by affording a presumption of payment, and hence the acknowledgment of the existence of the debt revives the debt, by removing the presumption; and upon this ground it is obviously unimportant to whom the acknowledgment is made, and so are the authorities."

In *McCrea* v. *Purmort*, (16 *Wend.* 477,) Cowen, J. says— " The admission of a debt is available to take it out of the statute of limitations, whether that admission be express or tacit; whether made to the party, or a stranger; and it may be implied from the conduct of the party." The proposition that the promise or acknowledgment, which revives a debt barred by the statute of limitations, or restores the remedy for the recovery of such debt, may be made to a stranger as well as to the party, will be found adjudged or conceded in the following cases. *Bigelow* v. *Grannis*, (2 *Hill*, 120.)  *Stafford* v. *Bacon*, (1 *Id.* 537.)  *Oliver* v. *Gray*, (1 *Har. & Gill*, 204.)  *Peters* v. *Brown*, (4 *Esp.* 46.)  *Halliday* v. *Ward*, (3 *Camp. N. P. Rep.* 31.)  *Lawrence* v. *Hopkins*, (12 *John.* 288.)  *Moore* v. *Viele*, (4 *Wend.* 422.)  *Fearn* v. *Lewis*, (6 *Bing.* 349;)  *S. C.* (4 *Car. & Payne*, 173.)  2 *Phil. Ev.* 142, *Cowen & Hill's ed.*  *Clark* v. *Hougham*, (2 *Bar. & Cress.* 153.)  *Mount Stephen* v. *Brooks*, (3 *Bar. & Ald.* 141.)  *Whitney* v. *Bigelow*, (4 *Pick.* 110.)  *St. John* v. *Garrow*, (4 *Porter*, 223.)

The motion to set aside the report of the referees must be denied with costs.