Mr. Justice Walker delivered the opinion of the Court. Two questions are presented for our consideration : 1. Upon an issue of former recovery, is parol evidence admissible to show that the cause of action in suit, although set forth in the pleadings in a former suit, was not in fact put in issue or decided upon by the court or jury ? 2. Is a written admission of the existence of a contract accompanied with a positive declaration that nothing is due upon it, to be received as evidence of an acknowledgement of an existing indebtedness, such as will raise an implied promise to pay and thereby take the case out of the statute bar? As regards the first question : It is true that the record of the proceedings in the probate court, in' which the note in suit was credited on the account, did, prima facie, evidence a former recovery of this particular debt; but it was clearly competent for the plaintiff to show by parol evidence that the note was not offered as a credit on the trial and that the court, in its decision, expressly excluded credits and decided upon the items proven in the claimant’s account. Upon this point the. authorities are decided. (Van Vecten vs. Croy, 2 John. Rep. 229. Phillips vs. Berrick, 16 John. Rep. 139. 1 Greenl. Ev. 680.) If however the court had passed its judgment upon- this credit or taken it into consideration in determining the amount due the claimant, such decision would then have been conclusive. The evidence shows that such was not the case, but that the credit was wholly disregarded in the adjudication of the claim before the probate court. The plaintiff had a right to show this by parol evidence, not to contradict the record, for such is not the effect or purpose intended, but to show what was really under consideration when the decision was made. And in our opinion the evidence did conclusively repel the presumption that the note in suit was taken into consideration or considered in the former judgment rendered between the parties in the probate court. Upon the second point the authorities are not altogether so clear: yet when we consider the grounds upon which the law raises a presumption of a promise to pay, to-wit: “ a present indebtedness,” there is strong reason for taking the whole admissions together that it may be seen whether the party did in truth admit such a present indebtedness as that the law would imply a promise to pay. Suppose the defendant should say, “I did execute the note but 1 paid it,” “ I owe the note but you owe me a larger amount and there is nothing due to you, but on the contrary you owe me a balane of $293 39,” surely this could not be said to be such an acknowledgement of the existence of a debt as would raise an implied promise to pay, for the implication is repelled by an express declaration that nothing is due. Thus, in the case of Bell vs. Morrison, (1 Peters Rep.) it was held that there must be a present subsisting debt which the party is willing to pay. See also Dean vs. Hewett, (5 Wend. Rep. 257,) and Goulden vs. Van Renselear, (9 Wend. 293.) Chief Justice Savage, in the case of Allen vs. Wester, (15 Wend. 289) says, “ Since the case of Sands vs. Gleston, there has been no dispute as to what the rule is, to-wit, that to revive a debt barred by the statute of limitations, whether the statute theoretically operates upon the debt itself or upon the remedy only, there must be an express promise or an acknowledgement of a present indebtedness, a subsisting liability and a willingness to pay it.” No one can for a moment believe that the defendant in this case ever did intend to admit an indebtedness to the plaintiff at the time he made out his account, or a promise to pay. So far from it be swears that thére is an existing unsatisfied balance due to him of $293 39 cents. The issue upon the plea of limitations should have been found for the defendant. It was therefore error in the circuit court to refuse to set aside the judgment and grant the defendant a new trial. Let the judgment be reversed, and the cause remanded to be proceeded in according to law.