## Case No. 2,282a.

### CADMUS et al. v. POLHAMUS.

[18 Betts, D. C. MSS. 155.]

District Court, S. D. New York. April 24, 1851.

ADMIRALTY—LIMITATION OF ACTIONS—NEW PROMISE—LACHES—STALE CLAIMS.

[1. In October, 1843, libellants furnished supplies to the master of a foreign vessel, who, while a resident of the district, had no fixed place of abode therein, but was employed chiefly on the water. Notwithstanding repeated inquiries and efforts to ascertain the master's whereabouts, libellants were unable to reach him by process, until February, 1850. Held, that the proceedings were not barred by the statute of limitations.]

[2. Libellants were not guilty of laches so as to make their demand a stale claim, not cognizable in admiralty.]

[3. An admission by the master that he purchased the articles is not sufficient to take the demand out of the operation of the statute of limitations, where he denies his personal liability.]

[4. A sufficient acknowledgment of or promise to a third person to pay a claim will remove the bar of the statute of limitations as effectually as if made to the creditor.]

[5. The statute of limitations has no application in admiralty as a rule of decision, but may be adverted to in considering the question of laches or the staleness of a claim.]

[In admiralty. Libel in personam by Abraham Cadmus and others against Charles Polhamus, master of the sloop Mad Anthony, for supplies furnished.]

BETTS, District Judge. The action is to recover the bill of $49.63 for an anchor and

other supplies, furnished to the ship Mad Anthony, of which the defendant was master in September and October, 1843. The libel alleges the defendant was a non-resident of the district, and the sloop a foreign vessel. These allegations the answer denies, averring that the defendant has since that day resided within this district, and for the last four years in the city of New York, and that the sloop belonged to this port. It also denies the defendant was master or owner of the vessel, or any way chargeable for those supplies, if furnished him by the libellants.

The proofs very clearly establish the fact that the articles charged against the vessel were furnished him by the libellants on the order of the defendant, and that he was then master of her, with the expectation of becoming part owner with the person in whose name the title stood. It is not necessary to an exposition of the merits of the case to detail the particulars of the defendant's connection with the purchase and ownership of the vessel. The defendant remained the season the supplies were furnished, in command of the vessel, and it is satisfactorily proved on his part, that since that period he has been a resident within this district, although it does not appear he had any fixed or permanent place of abode. Some part of the time he resided in Dutchess county, some part in Ulster county, and then his home was in the city of New York, but his employment chiefly on the water, on barges navigating between Philadelphia, New York and other places on the North river. It appears the libellants in the interim after the above credit made inquiries for the defendant and endeavored to find him. He was arrested in this cause about the middle of February, 1850, and previous to that time a letter had been written him demanding the payment of the account; he was asked when arrested, why he did not answer that letter. He replied he had taken advice, and did not think it necessary to answer it. The defence must depend upon two points, that the action is barred by the statute of limitations, or is from long standing so stale that the demand will not be enforced in admiralty.

The statute is pleaded as a bar. If the suit was at law, the evidence would not be sufficient to remove the bar. The six years elapsed in October, 1849. In February, 1850, the defendant admitted to Mr. Hollenbeck that he purchased the goods, but ought not to pay for them, as he was only the master of the vessel. He made a similar admission to Mr. Kimber three or four years previous to that, at the same time asserting he ought not to pay the libellant's demand, as Mr. Ellsworth was to have furnished these articles. There is nothing in the admission importing his liability and willingness to pay the debt. Bell v. Morrison, 1 Pet. [26 U. S.] 362; 15 Wend. 259. Had a sufficient acknowledgment or promise been proved on the part of the libellants, it would take away the bar, though made to a third person and not to them personally. 6 Barb. 588; 4 Barb. 168. But a mere acknowledgment of the original indebtedness is not enough for that purpose. Nor do the libellants prove any demand on the defendant of payment before the six years expired.

The statute of limitations, not applying to this court, as a rule of decision, it is admitted only for the purpose of considering whether a demand barred by its provisions ought not to be deemed so far stale in its character as not to be subject to suit in this court. I should certainly hold this to be so, had the libellants any clear means of access to the defendant during the period of the credit. But I think they have succeeded very satisfactorily in showing that the defendant was so far itinerary in his residence, and that his place of abode was so indeterminate, that they are excused doing more than making repeated inquiries for him, which they prove they did. Others in New York who had dealt with him at the same time with the libellants were also ignorant of his place of residence. Mr. Kimber met him on board a steam boat, when he had conversation with him about libellants' demand, but did not know then where the defendant lived; and accordingly if he communicated to the libellants the conversation and the defendant's denial of his obligation to pay the debt, he could give them no information where the defendant might be reached by them or by process. Under these circumstances I think it plain the libellants were not sleeping upon their rights, and have not omitted the opportunity of enforcing their demand. They give reasonable evidence of diligent inquiry and anxiety to pursue their claim against the defendant, and this, connected with his actual employment and course of life, in my opinion, takes from the demand the character of staleness through any laches of theirs. Judge Story considers it an important ingredient that in determining whether a claim barred by the statute of limitation should not be also denied recovery in admiralty, because of staleness, to ascertain that the party had the opportunity to enforce it sooner, and was aware of his ability to do so: and he justly inclined emphatically against sustaining a suit after the lapse of six years, when the subject of it had been a reasonable time within the reach of the process of the court to the knowledge of the libellant. The Sarah Ann [Case No. 12,342]. All the decisions on this subject go on the principle of laches in the libellant, implying that the demand has been abandoned by the creditor. Ben. Pr. § 575.

I think in this case no intention to neglect or abandon the claim is imputable to the libellants, and therefore they are entitled to a decree for $49.63, with interest from the time the demand was made upon him by Mr. Kimber, say 4 years, and costs. Decree accordingly.