## LOUISA A. RHOADES *vs.* NATHAN ALLEN.

A claim against an administrator, for services performed for his intestate's estate while un-der his charge, is not taken out of the statute of limitations by a letter from the adminis-trator to the creditor, saying: " On reflection, I do not think what labor you performed for the estate would be worth $100. Most of your labor was directly for or on account of the widow. My impression is, that you could not collect directly of me, as adminis-trator, anything. It must be done through the widow. I do not mention this legal ob-jection to get rid of anything, but to direct you in settlement with the widow. When the matter comes up, I shall be disposed to do what is right and just. I think you had better do something at once towards settlement with the widow, as I want to square up things all round."

ACTION OF CONTRACT for services claimed to have been ren-dered by the plaintiff to the defendant while the latter was ad-ministrator of the estate of Dr. Spaulding, more than six years before the date of the plaintiff's writ. The defendant pleaded the statute of limitations, which was admitted to be a sufficient bar to the action, unless the following letter, which was written and received within six years of the commencement of the ac-tion, was a sufficient acknowledgment or new promise to inter rupt the operation of the statute :

" Lowell, April 2d 1851.

" Miss Rhoades : I have time to write only a line. On re-flection I do not think what labor you performed for the estate would be worth over $75 to $100, including board, in the whole. Most of your labor was directly for or on account of Mrs. Spaulding. Since seeing you, it has occurred to me that it is doubtful whether any legal claim can be made against me or the estate. I obtained a legal discharge by regular process of law ; and my impression is that you could not collect directly of me, as administrator, anything. It must be done through

Mrs. Spaulding. I do not mention this legal objection to get rid of anything, but to direct you in settlement with Mrs. S. When the matter comes up, I shall be disposed to do what is right and just. I think you had better do something at once towards settlement with Mrs. S., as I want to square up things all round — Mrs. S. and Dr. U. soon. You must not use or refer to my advice in proceeding as to the price of labor against the estate, as that might show collusion. But when things are examined and exposed, as they probably will have to be, you will find me disposed to do right. I am full of business and schools ; examinations every day. My visit to Salem was pleasant and satisfactory. Yours &c. N. Allen."

*E. W. Kimball*, for the plaintiff. Either an acknowledgment or a promise, in writing, is sufficient to take a debt out of the operation of the statute of limitations. Rev. Sts. *c.* 120, § 13. *Baxter* v. *Penniman*, 8 Mass. 133. *Bangs* v. *Hall*, 2 Pick. 368. *Whitney* v. *Bigelow*, 4 Pick. 110. *Woodbridge* v. *Allen*, 12 Met. 470. *Bell* v. *Morrison*, 1 Pet. 351. Story on Con. §§ 1013, 1014. This case shows both an acknowledgment and a promise. The words in the letter, " for the estate," are agreed to refer to services performed by the plaintiff for the defendant while administrator, and, taken in connection with the rest of the letter, admit an existing debt which had not been settled. The words " I will do what is just and right " contain a promise to pay. *Galway* v. *Barrymore*, 1 Dick. 163, quoted by Metcalf *arguendo*, in *Fiske* v. *Needham*, 11 Mass. 453.

*S. H. Phillips & J. A. Gillis*, for the defendant.

METCALF, J. The statute bar to the action is not removed by the defendant's letter to the plaintiff, which neither acknowledges that she has a legal claim against him, nor makes any promise to pay her claim. See *Bangs* v. *Hall*, 2 Pick. 368 ; *Bailey* v. *Crane*, 21 Pick. 323 ; *Purdy* v. *Austin*, 3 Wend. 187 ; *M Culloch* v. *Dawes*, 9 D. & R. 40 ; *Morrell* v. *Frith*, 3 M. & W. 402.

*Judgment for the defendant.*