CHAMBERS v. GARLAND.

To avoid the statute of limitations by proof of a new promise, the proof must be clear and explicit, and the new promise, as a new cause of action, must be unequivocal and determinate.

A promise to pay a debt in land, under circumstances which would leave the impression that the promise was made to avoid litigation and trouble, and not to acknowledge a subsisting indebtedness, will not remove the limitation bar.

ERROR *to Jackson District Court.*

*Opinion by* KINNEY, J. Suit brought on a promissory note. Declaration in the usual form. Plea non-assumpsit, and also the statute of limitation. Replication, setting up a new promise within six years before the commencement of the suit; upon which the defendant takes issue. Cause submitted to the court, and judgment for the defendant. The testimony embodied in the bill of exceptions is the following: The defendant, on more than one occasion, offered to pay the debt in land, and at one time offered land and fifty dollars. All these offers were within six years, and from the testimony, the court state the impression upon his mind was, that the offers were made to avoid trouble. This was all the testimony; upon which the court decided that the testimony was not sufficient to constitute a new promise, to take the case out of the statute.

According to the current of authorities, and the great preponderance of modern decisions, the court decided correctly.

Formerly the courts were inclined to view the statute of limitation with great disfavor. For a time the American decisions were against a liberal application of the statute, but the tending, especially since the leading case of *Bill* v. *Morrison,* 1 Peters 351, has been to carry into effect the

Chambers *v.* Garland.

real object of the statute, and make it what it was intended to be, emphatically a statute of repose.

In the case above referred to, Judge Story says: "It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt from lapse of time, but to afford security against stale demands, after the true state of the transaction may have been forgotten, or incapable of explanation, by reason of the death or removal of witnesses. It has a manifest tendency to produce speedy settlement of accounts, and to suppress those prejudices which may rise up at a distance of time and baffle every honest effort to counteract or overcome them."

Such were the views entertained by the supreme court of the United States in regard to this statute, which nearly up to that time met with little favor at the hands of the courts. To plead it, was considered dishonest, and to enforce it, that the courts were but lending themselves to prevent a creditor from obtaining a just debt. But for many years there has been great uniformity in the decisions; the courts universally regarding it as a statute of repose, and extremely careful how they let in evidence *aliunde* to defeat its purposes.

In the case of *Bangs* v. *Hall*, 2 Pick. 368, it was held, that to take a case out of the statute, there must be an unqualified acknowledgment, not only of the debt as originally due, but that it continues so; and if there has been a conditional promise, that the condition has been performed. And in the case of *Sands* v. *Gelston*, Mr. Chief Justice Spencer, in delivering the opinion of the court, said: "that if at the time of the acknowledgment of the existence of the debt, such acknowledgment is qualified in a way to repel the presumption of a promise to pay, it will not be evidence of a promise sufficient to revive the debt, and take it out of the statute. In the case of *Clementson* v. *Williams*, 8 Cranch. 72, the supreme court say: "that the statute of limitation was entitled to the same respect with other statutes, and ought not to be explained away." In that case an

attempt was made to charge a partnership, by an acknowledgement made, after its dissolution, by one of the partners when an account was presented to him that the account was due, and he supposed it had been paid by the other partner; but he had not paid it himself, and did not know of its being ever paid. It was held that this was not sufficient acknowledgment to take the case out of the statute. The chief justice in delivering the opinion of the court said: In this case there is no promise, conditional or unconditional, but a simple acknowledgment; this acknowledgment goes to to the original justice of the account; but this is not enough. It is not sufficient to take the case out of the act, that the claim should be proved, or be acknowledged to have been originally just; the acknowledgment must go to the fact that it is still due. In the case of *Wetzel* v. *Bussard*, 11 Wheat. 309, the court expressly held, that an acknowledgment, which will revive the original cause of action, must be unqualified and unconditional; it must show positively that the debt is due in whole, or in part. If it be connected with circumstances which in any manner affect the claim, or if it be conditional, it may amount to a new assumpsit, for which the old debt is a sufficient consideration; or if it be construed to revive the original debt that revival is conditional, and the performance of the condition, or a readiness to perform, must be shown.

In *Bell* v. *Rowland*, Hardins R. 201, a leading case in Kentucky, the defendant made an acknowledgment that he had once owed the plaintiff, but he supposed his brother had paid it in Virginia, where the original transaction took place, in the year 1785, but if his brother had not paid it he owed it yet. The court held, that the acknowledgment was not sufficient to take the case out of the statute, that the defendant was not bound to prove that his brother had not paid the debt; that the law would imply a promise *only* when the party ought to promise; and that the defendant ought not to have promised, under the

circumstances of that case, to pay a debt which he supposed to be paid. The court say, "upon the whole we are of the opinion that the only safe rule that can be adopted capable of any reasonable certainty, is, that in order to take the case out of the statute of limitations, an *express* acknowledgment of the debt, as a debt due at the time, coupled with the original consideration, or an *express* promise to pay, must be proved to have been made within the time prescribed by the statute." See also *Harrison* v. *Handley*, 1 Bibb. 443. The plaintiff. to take the case out of the statute, produced a witness who swore that some time in May or June, 1796, he presented an account to H.,—the defendant—amounting to £250 or £260, that H. objected to certain articles in said account; and after the said articles were stricken out, H. then acknowledged that it was all right. Mr. Chief Justice Bibb, in delivering the opinion, said: "The acknowledgment from which the law is to raise a promise contrary to the provisions of the statute, must be clear and express, where the mind is brought directly to the point, debt or no debt, at the present time, not whether the debt was once an existing debt. Where the limitation has run to get clear of it, the whole burthen of proof is thrown on the plaintiff, to prove a good and subsisting debt, and a promise to pay within the period prescribed to his action. The acknowledgment of H. does not come up to this requisition. There was no express promise to pay, there was no express acknowledgment of a then existing debt, there was no assent to pay."

There are strong cases in Kentucky, but they are quoted with approbation by the supreme court of the United States, in the celebrated case of *Bell* v. *Morrison*, before cited. Whenever, therefore, the bar of the statute is sought to be removed by proof of a new promise, the promise as a new cause of action ought to be proved in a clear and explicit manner, and be in terms unequivocal and determinate. *Cambridge* v. *Hobart*, 10 Pick. 232; *Gardner* v. *Tudor*, 8 Pick. 206, *Bangs* v. *Hall*, 2 Pick. 368; 2 Greenl.

Ev. § 440. Such acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances, which repel the presumption of a promise, or intention to pay, or if the expression be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, it has been held that they ought not to go to a jury as evidence of a new promise to revive the cause of action. Angel on limitations, Ch. 21. *Stanton* v. *Stanton*, 2 N. H. 426; *Ventres*, v. *Shaw*, 14 N. H. 422; *Jones* v. *Moore*, 2 Binn. 573; *Perly* v. *Little*, 2 Greenl. 97; *Porter* v. *Hill*, 4 Greenl. 41; *Miles* v. *Moody*, 3 S. and R. 211; *Eckert* v. *Wilson*, 12 S. and R. 397; *Purdy* v. *Austin*, 3 Wend. 187; *Bush* v. *Barnard*, 8 John. R. 407.

We lay it down in short, as the established doctrine of the books, that it is necessary, in order to remove the bar of the statute, that there must be an acknowledgment of a subsisting indebtedness, coupled with a promise to pay; or with such circumstances, from which a promise to pay would naturally and irresistably be implied. With these guides before us, we have no difficulty in coming to a satisfactory conclusion in this case. Here is no proof of acknowledged indebtedness no offer to pay, except on condition that the plaintiff would take land; no evidence that the plaintiff was willing to comply with that condition, or that he demanded the land, or the land and fifty dollars; in a word, the plaintiff has not brought his case within any of the principles laid down, or the authorities cited. The debt was dead in law. It had no vitality or legal existence. It was in the eyes of the law paid, and the debtor entirely discharged. He was absolved from payment, and nothing but his own admission and promise could revive the original action. He made no such admission, gave no such promise. For ought that appears, he made the offer of land to

avoid litigation and trouble, and this appears to have been the impression made upon the mind of the court who was acting as a jury in trying the facts. We think the judgment of the court ought not to be disturbed.

Judgment affirmed.

*D. F. Spurr* and *Platt Smith*, for plaintiff in error.

*Van H. Higgins* and *T. S. & D. S. Wilson*, for defendant.